

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 8·6·12

DEPUTY CLERK

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG - 6 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY JOE SPENCER,<br><br>Petitioner,<br><br>vs.<br><br>P.D. BRAZELTON, Warden,<br><br>Respondent. | Case No. CV 12-6631-R (JPR)<br><br>ORDER TO SHOW CAUSE |

On July 25, 2012, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody.[1]  The Petition challenges a judgment of conviction sustained by Petitioner in Los Angeles County Superior Court on January 15, 2009.  This Court's review of the California Appellate Courts' Case Information website confirms the rather unusual sequence of post-conviction events laid out in the Petition.  Petitioner apparently filed a habeas corpus petition in the California Court of Appeal at approximately the same time his direct appeal was pending in that court.  (Pet. at 2-3, 4.) The court of appeal

---

[1]The Court has used the signature date on the Petition.  See Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

1

1   denied both on the same day, November 18, 2010.  (<u>Id.</u> at 3, 4.)

2   Petitioner did not file a petition for review in the California

3   Supreme Court.  (<u>Id.</u> at 3.)   Instead, on February 18, 2011,[2] he

4   filed a habeas petition in that court, which was denied on July

5   27, 2011.  (<u>Id.</u> at 4.)   The four claims Petitioner raises in his

6   federal Petition appear to correspond to the four claims he

7   apparently raised in his state supreme court habeas petition.

8   (<u>Id.</u> at 4, 5-6.)

9       Under the Antiterrorism and Effective Death Penalty Act of

10  1996 ("AEDPA"), Petitioner had one year from the date his

11  conviction became final in which to file a federal habeas

12  petition.  <u>See</u> 28 U.S.C. § 2244(d).  That statute provides:

13      (1)  A 1-year period of limitation shall apply to an

14      application for a writ of habeas corpus by a person in

15      custody pursuant to the judgment of a State court.  The

16      limitation period shall run from the latest of--

17          (A)  the date on which the judgment became

18      final by the conclusion of direct review or the

19      expiration of the time for seeking such review;

20          (B)  the date on which the impediment to

21      filing an application created by State action in

22      violation of the Constitution or laws of the United

23      States is removed, if the applicant was prevented

24

25  ────────────────

26  [2]The California Appellate Courts' Case Information website
    indicates that this petition was filed on February 18, 2011,
    whereas Petitioner states that it was filed on February 3, 2011

27  (<u>see</u> Pet. at 4).  As explained below, even using Petitioner's date,
    his federal Petition would still be untimely by approximately a

28  month.

2

1  from filing by such State action;

2      (C) the date on which the constitutional
3  right asserted was initially recognized by the
4  Supreme Court, if the right has been newly
5  recognized by the Supreme Court and made
6  retroactively applicable to cases on collateral
7  review; or

8      (D) the date on which the factual predicate
9  of the claim or claims presented could have been
10  discovered through the exercise of due diligence.

11      (2) The time during which a properly filed
12  application for State post-conviction or other collateral
13  review with respect to the pertinent judgment or claim is
14  pending shall not be counted toward any period of
15  limitation under this subsection.

16      Because Petitioner did not file a petition for review in the
17  California Supreme Court, his conviction became final 40 days
18  after the court of appeal's joint ruling on his direct appeal and
19  his habeas petition in that court, see Waldrip v. Hall, 548 F.3d
20  729, 735 (9th Cir. 2008) - in other words, on December 28, 2010.
21  Thus, absent some kind of tolling, Petitioner had until December
22  28, 2011, to file his federal Petition.  He did not file it until
23  July 25, 2012, seemingly more than a half year late.

24      From the face of the Petition, Petitioner does not appear to
25  be entitled to a later trigger date under § 2244(d)(1)(B).
26  Petitioner is not contending that he was impeded from filing his
27  federal Petition by unconstitutional state action.  Nor does it
28  appear that Petitioner is entitled to a later trigger date under

1  § 2244(d)(1)(C).  Petitioner is not contending that any of his

2  claims are based on a federal constitutional right that was

3  initially recognized by the U.S. Supreme Court subsequent to the

4  date his conviction became final and that has been made

5  retroactively applicable to cases on collateral review.  Finally,

6  Petitioner does not appear to be entitled to a later trigger date

7  under § 2244(d)(1)(D).  Petitioner was aware of the underlying

8  factual and legal predicates of his claims since before his

9  conviction became final, given that he raised them on direct

10  appeal.  (See Pet. at 2-3.)

11      Petitioner appears to be entitled to statutory tolling under

12  § 2244(d)(2) for the period during which his state supreme court

13  petition was pending, from February 18 to July 27, 2011.  He does

14  not appear to be entitled to any gap tolling, however, for the

15  period between the denial of his California Court of Appeal

16  habeas petition, on November 18, 2010, and his filing of a habeas

17  petition in the California Supreme Court, on February 3 or 18,

18  2011, because that 76- or 91-day period substantially exceeds the

19  30 to 60 days the U.S. Supreme Court has identified as

20  "reasonable," see Velasquez v. Kirkland, 639 F.3d 964, 967 (9th

21  Cir. 2011) (citing Evans v. Chavis, 546 U.S. 189, 192-93, 126 S.

22  Ct. 846, 849-50, 163 L. Ed. 2d 684 (2006)), and Petitioner has

23  not offered any explanation for why he did not file his supreme

24  court petition within the "reasonable" period, see Evans, 546

25  U.S. at 201 ("unjustified or unexplained" unusual delays not

26  reasonable).  So, even with statutory tolling for the pendency of

27  the supreme court petition, Petitioner's federal Petition was

28  still approximately a month late.

4

1    Under certain circumstances, a habeas petitioner may be
2 entitled to equitable tolling. See Holland v. Florida, 560 U.S.
3 __, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). But he must
4 show that (1) he has been pursuing his rights diligently and (2)
5 "some extraordinary circumstance stood in his way." See Pace v.
6 DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed.
7 2d 669 (2005). Here, Petitioner has not purported to make any
8 such showing.
9    A district court has the authority to raise the statute of
10 limitations issue sua sponte when untimeliness is obvious on the
11 face of a petition; it may summarily dismiss the petition on that
12 ground pursuant to Rule 4 of the Rules Governing § 2254 Cases in
13 the U.S. District Courts, as long as the court gives petitioner
14 adequate notice and an opportunity to respond. Herbst v. Cook,
15 260 F.3d 1039, 1042-43 (9th Cir. 2001).
16    IT THEREFORE IS ORDERED that on or before **September 3, 2012**,
17 Petitioner should show cause in writing, if he has any, why the
18 Court should not recommend that this action be dismissed with
19 prejudice on the ground of untimeliness. If Petitioner intends
20 to rely on the equitable tolling doctrine, he will need to
21 include with his response to the Order to Show Cause a
22 declaration under penalty of perjury stating facts showing that
23 (1) he has been pursuing his rights diligently and (2) "some
24 extraordinary circumstance stood in his way."

DATED: August 6, 2012

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

5